Affirmed and Memorandum Opinion filed March 26, 2009








Affirmed and Memorandum Opinion filed March 26, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00406-CV

____________

 

RALPH O. DOUGLAS, Appellant

 

V.

 

SAMUEL D. ADAMO, Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 2006-34135

 



 

M E M O R A N D U M   O P I N I O N

This is
an appeal from a summary judgment signed April 18, 2007.  Douglas, who is pro
se, raises eight issues challenging the judgment.  We affirm.








In 2001,
Douglas sued Adamo, his former criminal defense attorney, for legal malpractice. 
Summary judgment was rendered in favor of Adamo on October 11, 2002.  This
Court dismissed the appeal from that judgment for want of prosecution after
Douglas failed to pay for preparation of the clerk=s record as ordered when his
indigence claim was denied.  See Douglas v. Adamo, 2003 WL 1088163, No.
14-02-01156-CV (Tex. App.CHouston [14th Dist.] Mar. 13, 2003, no pet.) (mem. op.). 
Douglas did timely file for rehearing or petition for review by the Texas
Supreme Court.  On June 9, 2003, this Court=s mandate issued.  Douglas then
attempted to appeal the denial of a motion to reinstate the same case, and that
appeal was also dismissed for failure to pay for preparation of the clerk=s record after the denial of indigent
status.  See Douglas v. Adamo, 2003 WL 22996954, No. 14-03-01192-CV
(Tex. App.CHouston [14th Dist.] Dec. 23, 2003, no pet.) (mem. op.).  Although
Douglas requested an extension of time to file a petition for review at the
Texas Supreme Court, none was filed.  Our mandate issued July 25, 2009.  

In 2006,
Douglas brought this litigation in the form of a bill of review, challenging
the original 2002 summary judgment.  Adamo again moved for summary judgment,
which was granted.  Douglas now brings this appeal.  

A bill
of review is an equitable proceeding to set aside a judgment that is not void
on the face of the record but is no longer appealable or subject to a motion
for new trial.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003).  A bill of review petitioner must plead and prove (1) a meritorious
defense to the cause of action alleged to support the judgment; (2) that the
petitioner was prevented from making by the fraud, accident or wrongful act of
the opposing party; and (3) the petitioner was not negligent.  Id.  

When, as
in this case, the trial court does not specify in the order granting summary
judgment the grounds upon which the trial court relied, we must affirm the
judgment if any one of the independent grounds is meritorious.  Ramco Oil
& Gas Ltd. v. Anglo‑Dutch (Tenge) L.L.C., 207 S.W.3d 801, 826
(Tex. App.CHouston [14th Dist.] 2006, pet. denied).  Adamo moved for summary
judgment on the grounds that there is no evidence of, or alternatively, the
summary judgment evidence disproved, one or more elements necessary to prevail
on his bill of review, and that Douglas=s claims are barred by res judicata
and collateral estoppel.








Douglas
brought two appeals challenging the original summary judgment.  The summary
judgment evidence established that both appeals were dismissed due to Douglas=s failure to pay for preparation of
the clerk=s record.  See Tex. R. App.
P. 37.3 (providing fir dismissal for want of prosecution when the clerk=s record is not filed due to
appellant=s fault).  In addition, Douglas did not challenge this Court=s rulings at the Texas Supreme
Court.  The summary judgment evidence established that Douglas did not exercise
due diligence.  Due diligence in pursuing available legal remedies is a
required element to succeed in a bill of review.  King Ranch, 118 S.W.3d
at 751.  Therefore, the trial court did not err in granting summary judgment.

Accordingly,
the judgment is affirmed.

 

PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.